1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEE WALTER MITCHELL,                    Case No.  1:18-cv-01645-AWI-JDP

12              Petitioner,                  ORDER DENYING PETITIONER'S
                                             MOTIONS TO APPOINT COUNSEL
13        v.
                                             ECF Nos. 18, 19
14   CHRISTIAN PFEIFFER,
                                             ORDER GRANTING PETITIONER'S
15              Respondent.                  MOTION FOR EXTENSION OF TIME

16                                           ECF Nos. 20, 21

17

18

19        Petitioner Dee Walter Mitchell, a state prisoner without counsel, seeks a petition for a writ

20   of habeas corpus under 28 U.S.C. § 2254.  Before the court are petitioner's two motions for

21   appointment of counsel, ECF Nos. 18, 19, and two motions for extensions of time, ECF Nos. 20,

22   21.

23   **Motions for Appointment of Counsel**

24        Petitioner seeks an appointment of counsel, stating that he is indigent and unable to afford

25   counsel.  ECF Nos. 18, 19.  A petitioner in a habeas proceeding does not have an absolute right to

26   counsel.  *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958) ("The Sixth Amendment has

27   no application here . . . .").

28
                                             1

There are three specific circumstances in which appointment of counsel is required in habeas proceedings. First, appointment of counsel is required for an indigent person seeking to vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C §§ 2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel may be required if an evidentiary hearing is warranted. *See* R. Governing § 2254 Cases 8(c). Third, appointment of counsel may be necessary for effective discovery. *See id*. at 6(a). None of these situations are present here.

This court is further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if the court determines that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, the court evaluates the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims without counsel, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

I cannot conclude at this point that counsel is necessary to prevent a due process violation. The legal issues currently involved are not exceptionally complicated, petitioner is able to articulate his claims, and petitioner has not demonstrated a likelihood of success on the merits. Accordingly, I find that appointed counsel is not necessary to guard against a due process violation and that the interests of justice do not require the appointment of counsel at this time.

**Motions for Extension of Time**

Petitioner seeks two thirty-day extensions of time to file his traverse. ECF Nos. 20, 21. For good cause shown, petitioner's motions for two thirty-day extensions of time to file his traverse are granted. No further extensions will be granted absent extraordinary circumstances.

**Order**

1. Petitioner's motions for appointment of counsel are denied without prejudice. ECF No. 18, 19.

2. Petitioner's motions for extensions of time are granted.  ECF No. 20, 21.

IT IS SO ORDERED.

Dated:   October 29, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 206